IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOROTHY CAMPBELL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 04 C 2097 |
| C. MARK REID, OTTO SERRATO, SGT. REX PROVENZALE, RICHARD GOEPPER, JAMES DIETZ, MATTHEW BREEN, JOSEPH ROSADO, DAVID HARRIS, MICHAEL BATIS, FRED FRONEK, TONY NOWAK, TIMOTHY POWERS, DARRYL GAVIN, and LT. JAMES STEWART, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This case involves two searches. We explained, at the close of the case on September 14, 2005, why we concluded that there had been no constitutional violation arising from the search on February 26, 2003, but that there had been an illegal search on March 4, 2003, implicating Lt. James Stewart and Officer Darryl Gavin. We left to another day the issue of damages. We now award plaintiff $5,000 in compensatory damages against Stewart and Gavin and $1,000 punitive damages against Stewart.

The first search was very public, with numerous officers, and caused plaintiff considerable grief. But there was probable cause and plaintiff does not dispute the legality of the warrant, although she did dispute its execution. The second search was very brief and involved but three officers. They were let into the residence, waited for about ten minutes for the plaintiff to arrive, and left within a half hour. They were polite and plaintiff was cooperative. The tape was viewed and then taken back to the station. If that was all of it we

would be inclined to grant only nominal compensatory damages. But the evidence further indicated that plaintiff suffered an emotional reaction afterwards, that she "broke down." That is the basis for the compensatory award.

Lt. Stewart initiated and pushed the second investigation, although none of the officers who had viewed the tape thought it involved child pornography, and he prepared the affidavit Officer Gavin signed that provided the basis for the warrant and which considerably overstated the facts. That is the basis of the punitive award.

Finally, we award to plaintiff attorney fees in the amount of $22,075, and costs of $4,105.95, for a total of $26,180.95. Defendants do not contest the hourly rates. They do contend that the fees should be half what is claimed because plaintiff prevailed only on the claim relating to the second search. The first two counts were, however, very much intertwined with Count III. The illegality of the second warrant flowed from what happened and what was observed in the first search. The facts relating to the first search had to be determined as a basis for the claim relating to the second search.

Defendants also question a few specific items, but plaintiff has satisfactorily explained all of them but two, and those two amount to $215. Finally plaintiff asks for $22,940 in fees but the affidavit represents that the total for fees is $22,290, and we use that figure.

JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 19 , 2005.